UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| KEVIN PENELTON, Plaintiff, | ) | |
| v. | ) | No. 2:25-cv-00229-JRO-MJD |
| WELLPATH, LLC, Defendant. | ) | |

**ORDER GRANTING MOTION TO DISMISS**

Plaintiff Kevin Penelton is currently incarcerated at Wabash Valley Correctional Facility. Penelton filed this lawsuit on May 9, 2025, alleging that Defendant Wellpath, LLC ("Wellpath"), the medical provider for Marion County Adult Detention Center ("ADC"), violated his constitutional rights by depriving him of adequate medical care after he was attacked by other inmates on January 6, 2023. Wellpath now moves to dismiss Penelton's claims, arguing that all claims have been discharged in bankruptcy, dkt. 43. Finding that the discharge of claims in *In re Wellpath Holdings, Inc., et al.*, Case No. 4:24-bk-90533 (Bankr. S.D. Tex.) precludes Penelton's claims against Wellpath in this Court, Wellpath's motion to dismiss, dkt. [43], is **GRANTED** and Penelton's claims are **DISMISSED without prejudice**.

## I. BACKGROUND

On November 11, 2024, Wellpath Holdings, Inc., and certain affiliated companies filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern

District of Texas. *In Re: Wellpath Holdings*, Case No. 24-90533. On May 1, 2025, the Bankruptcy Judge entered his findings of fact and conclusions of law, and an order (1) confirming the First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc., and certain of its debtor affiliates ("the Plan"); and, (2) approving the disclosure statement on a final basis. *See* dkt. 44-2. On June 4, 2025, the Bankruptcy Court entered the Stay Order, holding that the Plan became effective on May 9, 2025, and providing guidance on the impact of the Plan's discharge and injunction on stayed pre-petition actions against Wellpath. *See* dkt. 44-3. Under the Plan, all claims arising before November 11, 2024, against Wellpath are discharged. Dkt. 44-2 at 128–29; dkt. 44-3 ¶ 3. Therefore, holders of claims that were discharged are enjoined from "commencing or continuing in any manner" those claims. Dkt. 44-2 at 134.

Penelton filed this lawsuit on May 9, 2025. After initially dismissing Penelton's complaint without prejudice, on October 23, 2025, the Court's screening order allowed Penelton's amended complaint to proceed with Eighth or Fourteenth Amendment claims for deprivation of medical care against Wellpath and Wellpath's employee Dr. Marcel Rohana. Dkt. 29. Counsel for Defendant filed a notice of suggestion of death for Dr. Rohana, and the Court dismissed Dr. Rohana as a Defendant. Dkt. 37. Therefore, the only Defendant in this action is Wellpath.

The operative complaint alleges that on January 6, 2023, Penelton was attacked by two inmates at the ADC. Dkt. 19 at 4. After a delay, Penelton was sent to the hospital where he was advised that he would need surgery to repair

his biceps tendon. *Id.* Upon returning to the ADC, however, Wellpath employees refused to provide Penelton with prescribed pain medication. *Id.* Dr. Rohana scheduled surgery but later cancelled it after Wellpath refused to approve it. *Id.* Penelton was transferred to the custody of the Indiana Department of Correction in May 2023, where he is under the care of another medical provider. *See id.* at 4. In June 2023, an orthopedist informed Penelton that because Wellpath cancelled the surgery, he would have to repair his bicep tendon with the tendon of a cadaver. *Id.* at 5. As a result of the delay in medical care, Penelton's condition has worsened, and he suffers from permanent disability and pain. *Id.* at 3.

**II. LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion, the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court may take judicial notice of the Bankruptcy Court's orders, as well as filings in the bankruptcy action, without converting the motion to dismiss into one for summary judgment. *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017) ("Courts may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned.").

Under 11 U.S.C. § 1141, "the provisions of a confirmed plan bind the debtor . . . and any creditor" and "discharges the debtor from any debt that arose before the date of such confirmation." (a), (d)(1)(A); *Harrington v. Purdue Pharma*

*L. P.*, 603 U.S. 204, 214–15 (2024). Claims that have been discharged by a confirmed bankruptcy plan can be dismissed for failure to state a claim. *See, e.g.*, *Abercrombie v. Jack Cooper Transp. Co., Inc.*, No. 1:19-cv-503, 2020 WL 3841270, at *1 (N.D. Ind. July 8, 2020) ("Clearly, Plaintiff's claims were discharged in the bankruptcy, as further explained below, such that he fails to state a claim upon which any relief may be granted."); *Morgan v. Wellpath*, No. 23-cv-972, 2025 WL 2480416, at * 3 (E.D. Wis. Aug. 28, 2025) (granting Wellpath's motion to dismiss because claims were discharged in bankruptcy).

## III. DISCUSSION

Wellpath argues that Penelton's claims must be dismissed because they were discharged in the bankruptcy proceedings. Penelton makes two arguments in opposition. First, he argues that he is proceeding against Wellpath to recover insurance proceeds, not to recover directly from Wellpath. Dkt. 45 at 3–5. Second, Penelton argues that his claim arose after the petition date of November 11, 2024, and is therefore not covered by the Plan. Dkt. 52. The Court discusses each argument below.

### A. Penelton May Not Proceed Against Wellpath in this Court to Recover Insurance Proceeds

Upon discharge of debt in a bankruptcy proceeding, Section 524 of the Bankruptcy Code prohibits creditors from recovering any discharged debt "as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). Penelton is correct that a creditor may attempt to collect from another entity, such as an insurer, as one judge in another lawsuit involving the Wellpath bankruptcy has noted. *See*

*Kalchert v. Adamek*, No. 24-12637, 2026 WL 483638, *1 (E.D. Mich. Feb. 20, 2026). But as Wellpath points out, the Plan governs how such a collection may occur. *See also id.* (discussing impact of Wellpath's Plan on the plaintiff's Section 1983 claims).

On January 26, 2026, the Bankruptcy Court issued an order clarifying whether claimants can maintain a pending civil action against Wellpath to recover proceeds from a third-party insurer. Dkt. 48-1. The Bankruptcy Court stated in relevant part that:

- Holders of unsecured personal injury claims "may proceed in the appropriate civil court and litigate such claim with the [Trust] included as a nominal defendant . . . . As a nominal defendant, the Trust is not required to file answers, participate in discovery or hearings, or take an active role in any such litigation . . . ." *Id.* at 2. (internal quotation marks and emphasis omitted).
- Holders of unsecured personal injury claims may not proceed against Wellpath as a nominal defendant. "Pursuant to the Plan, the Court will permit parties to proceed with prepetition claims (i.e., before November 11, 2024) against [Wellpath] only where such inclusion is necessary for the party to seek or maintain insurance coverage for their claim." To do so, claimants must provide sufficient evidence to the Bankruptcy Court that "(a) insurance coverage exists for such claims and (b) either (i) there is no applicable SIR [self-insured retention] or (ii) such claim will exceed the applicable SIR." *Id.*
- Holders of unsecured personal injury claims who have filed claims against Wellpath and "(a) no insurance coverage exists for such a claim or (b) (i) there is an applicable SIR and (ii) such claim will not exceed the applicable SIR," must substitute the Liquidating Trust as a nominal defendant in that litigation. *Id.* at 3–4.

Wellpath filed a declaration from James Seitz, Wellpath's Director of Insurance, stating that Wellpath's SIR during the relevant time was $15 million dollars. Dkt. 48-2.

In sum, Penelton can sue Wellpath directly for the purpose of reaching insurance proceeds only if the insurance exists and covers the claim *and* if Penelton's claim exceeds the SIR of $15 million dollars. Penelton would have to file such a claim in the Bankruptcy Court for the Southern District of Texas.

Alternatively, and more realistically for Penelton, the Plan lays out two options. First, Penelton may file a motion under Federal Rule of Civil Procedure 25(c) to substitute the Liquidating Trust as a "nominal defendant" in this Court subject to the conditions laid out in the Plan (i.e., the Liquidating Trust is not required to answer the complaint or actively participate in the litigation). *See* dkt. 48-2. Second, Penelton may pursue his claims through the Plan's alternative dispute resolution process in the Bankruptcy Court for the Southern District of Texas. Penelton has not pursued either option to date.

**B. Penelton's Claim Arose Before Wellpath's Petition**

Penelton's surreply argues that his claim did not arise before the November 11, 2024, petition because he did not realize that the delay in surgery caused permanent damage until March 2025. Dkt. 52 at 3. The Seventh Circuit applies the "conduct test" to determine when a claim arises pre-petition or post-petition under the Bankruptcy Code. *St. Catherine Hosp. of Ind., LLC v. Ind. Fam. & Soc. Servs. Admin.*, 800 F.3d 312, 315–16 (7th Cir. 2015). Under the conduct test, "the date of a claim is determined by the date of the conduct giving rise to the

claim." *Id.* at 315. Penelton's argument has some support because *St. Catherine* explained that "there are exceptions to this rule—mostly notably, where the claimant is the victim of pre-petition tortious conduct, but does not realize he or she has been a victim until some harm manifests after the bankruptcy." *Id.* at 318.

Here, however, Penelton's claim that he did not realize he had been injured by Wellpath's conduct until March 2025 is implausible. His complaint clearly states that he was injured by Wellpath's refusal to schedule the necessary surgery after his hospitalization in January 2023; and he alleges that as early as June 2023, an orthopedist told him that the delayed surgery made it so that his natural tendon could not heal on its own, and a surgeon would have to use a tendon from a cadaver. Dkt. 19 at 4–5. This is quite different from a case such as *Gabay v. Lyondell Chem. Co.*, No. 25 C 8237, 2026 WL 1026250, at *1 (N.D. Ill. Apr. 15, 2026), where the court found that the plaintiff's claim arose post-petition because, even though he was exposed to chemicals in the 1990s, he did not realize he was injured until he was diagnosed with a disease caused by the chemicals until 2024.

Accordingly, based on the allegations in the complaint, Penelton's claims against Wellpath arose before the bankruptcy petition on November 11, 2024, and they are covered by the Plan. Penelton must pursue his claims according to the tenets of the Plan as outlined in Section III.A.

## IV. CONCLUSION

For the above reasons, Wellpath's motion to dismiss, dkt. [43], is **GRANTED**. Penelton's claims against Wellpath are **DISMISSED without prejudice** to his right to seek any appropriate relief in the United States Bankruptcy Court for the Southern District of Texas or to substitute the Liquidating Trust as a nominal defendant here.

If Penelton wishes to substitute the Liquidating Trust for Defendant Wellpath as a nominal defendant, he should file a Motion to Substitute pursuant to Federal Rule of Civil Procedure 25(c) **no later than November 13, 2026**. Upon the granting of the motion, or if no motion is filed by the deadline, the Court will direct the Clerk of the Court to terminate Wellpath as a Defendant to this action.

**SO ORDERED**.

Date: 10/16/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

KEVIN PENELTON
946100
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

Bryan Findley
CASSIDAY SCHADE LLP
bfindley@cassiday.com